```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

WESTRE INVESTMENTS, L.L.C.,      )
                                 )
            Plaintiff,           )
                                 )
       vs.                       )    No. 4:07-CV-2022 (CEJ)
                                 )
ASSURANCE COMPANY OF AMERICA,    )
                                 )
            Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Defendant Assurance Company of America issued separate Builder's Risk policies to two property owners; the policies identified plaintiff Westre Investments, LLC, as the mortgagee. After the properties suffered damage, plaintiff submitted claims for coverage which Assurance denied. Plaintiff filed suit in the Twenty-First Judicial Circuit Court of Misouri (St. Louis County), asserting claims for vexatious refusal pursuant to Mo.Rev.Stat. § 375.420, and seeking a declaratory judgment that the policies are still in effect. Defendant timely removed the matter to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Defendant now moves to dismiss for failure to state a claim, arguing that coverage under the policies ended before the losses occurred.

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## II. Background

Defendant issued a policy of Builder's Risk insurance to Tabatha Taylor, owner of property at 10161 Winkler Drive, St. Louis Missouri, effective for one year from June 15, 2006. Plaintiff was

named as the mortgagee under the policy. The Winkler Drive property was damaged by fire on May 1, 2007. Plaintiff submitted a claim for the loss, which defendant denied, citing a provision that stated that leasing the property to another would terminate the owner's coverage. Plaintiff acknowledges that Ms. Taylor leased the property, but alleges that she did so without its knowledge and in violation of the terms of her loan agreement with Westre. Plaintiff claims that it is entitled to coverage under the policy's mortgage-holder provisions.

Plaintiff alleges that it is named as the mortgagee on the policy issued to James and Tamara Robinson for property located at 10100 Lord, St. Louis, Missouri. The property suffered water damage on February 10, 2007. The Robinsons leased the property without plaintiff's knowledge. When plaintiff submitted a claim, defendant's adjuster agreed that the policy provided coverage and directed plaintiff to submit a construction budget. Plaintiff alleges that defendant subsequently refused to respond to any inquiries about the status of the claim.

The following policy provisions are relevant to this dispute:[1]

The "Builder's Risk Coverage Form" states on page 1:

"Throughout this policy, the words **you** and **your** refer to the Named Insured [Tabatha Taylor] shown in the Declarations."

(emphasis in original).

---

[1] Plaintiff has submitted a copy of the insurance policy covering the Winkler property, alleging without contradiction that the policy on the Lord property is identical in all material respects.

-3-

\* \* \*

3. WHEN COVERAGE BEGINS AND ENDS

    We will cover risk of *loss* from the time when you are legally responsible for the Covered Property on or after the effective date of this policy if all other conditions are met. Coverage will end at the earliest of the following:

    \* \* \*

    c.  When the Covered Property is leased or rented to others[;]

        (1) for a single family dwelling, when the building is leased or rented to others[.]

    \* \* \*

5.  MORTGAGE HOLDERS CLAUSE

    a.  The term mortgage holder includes trustees.

    b.  We will pay for covered *loss* to buildings or structures to each mortgage holder shown on a Certificate of Insurance issued by the current Agent of Record.

    \* \* \*

    d.  If we deny your claim because of your acts or because you have failed to comply with the terms of this Coverage Part, the mortgage holder will still have the right to receive *loss* payment if the mortgage holder:

        (1) Pays any premium due under this Coverage Part at our request if you have failed to do so;

        (2) Submits a signed, sworn proof of *loss* within 60 days after receiving notice from us of your failure to do so;

        (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgage holder.

        All of the terms of this Coverage Part will then apply directly to the mortgage holder.

e. If we pay the mortgage holder for any *loss* and deny payment to you because of your acts or because you failed to comply with the terms of this Coverage Part:

    (1) The mortgage holder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and

    (2) The mortgage holder's rights to recover the full amount of the mortgage holder's claim will not be impaired.

    At our option, we may pay to the mortgage holder the whole principal on the mortgage plus any accrued interest. In this event, your mortgage and note will be transferred to us and you will pay our remaining mortgage debt to us.

f. If we cancel this policy, we will endeavor to give written notice to the mortgage holder at least:

    (1) 10 days before the effective date of cancellation if we cancel for your non-payment of premium; or

    (2) 30 days before the effective date of cancellation if we cancel for any other reason.

g. We will not notify the mortgage holder if:

    (1) You cancel this policy, or

    (2) Coverage ends for any reason other than if we cancel the policy.

(italics in original)

### III. Discussion

Under Missouri law, which applies in this diversity case, rules governing the interpretation of insurance policies are well settled. Columbia Mut. Ins. Co. v. Schauf, 967 S.W.2d 74, 77 (Mo. 1998) (*en banc*). When interpreting the language of an insurance contract, courts give the language its plain meaning. Farmland

Indus., Inc. v. Republic Ins. Co., 941 S.W.2d 505, 508 (Mo. 1997) (*en banc*). The plain or ordinary meaning is the meaning that the average layperson would understand. Id. To determine the ordinary meaning, the courts consult standard English language dictionaries. Id. Applying rules of construction is unnecessary when a contract provision is clear and unambiguous. State Farm Mut. Auto. Ins. Co. v. Ballmer, 899 S.W.2d 523, 525 (Mo. 1995) (*en banc*). Courts may not create ambiguities in order to distort the language of an unambiguous policy. Rodriguez v. General Acc. Ins. Co. of America, 808 S.W.2d 379, 382 (Mo. 1991) (*en banc*). In addition, insurance policies are to be construed in favor of the insured. Standard Artificial Limb, Inc. v. Allianz Insurance Co., 895 S.W.2d 205, 209 (Mo. Ct. App. 1995). Policy exceptions and limitations are strictly construed against the insurer. Id.

At issue in this case is the operation of the Mortgage Holder's Clause. Mortgage clauses, also known as "loss payable" clauses, consist of two types: the "open" mortgage clause and the "standard" or "union" mortgage clause. Under an open clause, the loss payee's rights, as against the insured, are dependent upon the acts or omissions of the insured. General Motors Acceptance Corp. v. Windsor Group, Inc., 2 S.W.3d 836, 839 (Mo. Ct. App. 1999). The rights of the mortgagee will be defeated by a breach of the terms of the policy by the insured, by act or neglect, prior to the loss. Central Bank of Lake of the Ozarks v. First Marine Ins. Co., 975 S.W.2d 222, 226 (Mo. Ct. App. 1998).

The Mortgage Holder's Clause in this case is a "standard" or "union" mortgage clause. Unlike the open clause, a union mortgage clause operates as an independent contract of insurance between the mortgagee and the insurer which cannot be defeated by a breach of conditions of the policy on the part of a mortgagor. Glass v. Missouri Property Ins. Placement Facility, 912 S.W.2d 653, 657 (Mo. Ct. App. 1995); see also 45 C.J.S. Insurance § 907 (provision in a union mortgage clause that the policy is not invalidated by act or neglect of mortgagee includes an act or neglect either before or after the issuance of the mortgage clause). Misconduct by the insured will not preclude an innocent mortgagee from recovering on a policy that includes a union mortgage clause. Central Bank of Lake of the Ozarks, 975 S.W.2d at 226; see also 45 C.J.S. § 963 (under operation of union mortgage clause, "subsequent breaches of condition by the mortgagor do not affect the mortgagee's rights.") However, "because the loss payable clause is endorsed subject to the 'terms, conditions, agreements or limitations' of the policy, the insurer's obligation to the plaintiff is no broader than its obligation to the insured, except as specifically stated in the endorsement." Waynesville Security Bank v. Stuyvesant Ins. Co., 499 S.W.2d 218, 220 (Mo. Ct. App. 1973).

Defendant argues that coverage under the policies "ended" when the property owners entered into leases with third-parties and characterizes plaintiff's claim for coverage as an attempt to renew an expired policy. Defendant cites Waynesville Security Bank in support of its argument. Waynesville Security Bank addressed a

-7-

mortgage holder's right to recover for a loss that occurred after the lapse of a one-year policy. The policy did not explicitly require the insurer to give notice of the expiration or provide the mortgage holder with an opportunity to renew. The union mortgage clause required the insurer to notify the lienholder if the policy was "cancelled." Id. at 219-20. The lienholder argued that the union clause should be interpreted to require notice of the expiration of the policy and the insured's intention not to renew. The Missouri Court of Appeals disagreed, noting in part that the policy was not "cancelled" but was "terminated" due to the expiration of the policy period. Id. at 220. The losses at issue in this case occurred during the effective period of the policies and the Court finds that the Waynesville case is inapplicable to the present situation.

A mortgage clause gives the mortgagee "no broader rights to coverage than the insured unless otherwise stated." Glass, 912 S.W.2d at 657. Here, plaintiff argues that a right to broader coverage is "otherwise stated" -- specifically, the mortgage clause provides that, in the event that the insured is denied coverage due to its own actions, the right of the mortgagee to coverage survives so long as it complies with specified conditions. Plaintiff's complaint contains the necessary allegation, *i.e.*, that coverage was denied because of the actions of the insureds. With respect to the conditions, plaintiff alleges that it did not know of any change in occupancy of the properties, it was not asked to pay any

-8-

owed premiums, and it notified Assurance of the losses. Defendant's motion to dismiss is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #5] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2008.